**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.  WDQ-14-071** |
| v. | |
| **SAMUEL R. VANSICKLE,** | |
| **Defendant.** | |

**GOVERNMENT'S MOTION TO UNSEAL COURT ORDER**

Comes now the United States of America, by and through its counsel, Rod J. Rosenstein, the United States Attorney for the District of Maryland, and Joyce K. McDonald and David I. Sharfstein, Assistant United States Attorneys for that district, and moves the Court to unseal its order of February 25, 2015, regarding competency.  In support of its Motion, the United States shows as follows:

1.  The government has consulted with defense counsel who has no objection to the unsealing of the order.

2.  Defendant's Motion for a competency hearing was filed as an public, that is, unsealed, document; however, the accompanying exhibits were sealed.  Papers 30, 31 and 32.

2.  The Court's order scheduling the competency hearing (and re-scheduling the trial from its October 2014 date to March 16, 2015), was filed as a public record. Paper 39.

3.  The competency hearing which was held on October 22, and 27, 2014, was open to the public.

5.  Both the Court's memorandum opinion and its order were filed as sealed documents.  Papers 64 and 65.

6.  The government has notice obligations to its witnesses and to the victims which are

difficult to satisfy with the order sealed. In addition, this prosecution is of keen interest in Garrett County.

7. "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *see Doe v. Public Citizen,* 749 F.3d 146, 165 (4th Cir. 2014); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986). Most of the public access decisions in criminal cases involve balancing the right of public access to exhibits attached to pleadings or admitted in court with individual or agency preferences to keep records secret which disclose embarrassing personal details, ongoing investigations, or the identities of minors, victims or witnesses, or cause prejudicial pretrial publicity which would taint the jury pool. *Compare Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607-8 (1982) (upholding the privacy rights of trial participants such as victims or witnesses) with *In re Washington Post Company v. Hughes*, 923 F.2d 324, 330-31 (4th Cir. 1991) (upholding trial court's decision to unseal a search warrant affidavit). Typically, sealing orders are narrowly drawn; for example, the fact of a defendant's cooperation is addressed under seal to protect that individual's safety, but other aspects of the guilty plea or sentencing hearing are public proceedings. Both the Court's order and its memorandum opinion were filed under seal in the instant case; the docket sheet did not identify either document as a court order or memorandum opinion. Sealing of the docket sheet has been discouraged in the Fourth Circuit. *Doe v. Public Citizen*, *supra*, 749 F.3d at 268, *citing United States v. Valenti*, 987 F.2d 708, 715 (11th Cir. 1993). The manner in which the court order and memorandum opinion were filed has the effect of cloaking Papers 64 and 65 as though the docket entries were sealed.

8. In the instance case, the government requests that the court order be unsealed. Defense counsel has agreed that the court order can be unsealed.

## **Conclusion**

For the foregoing reasons, the government requests that the Court Order of February 25, 2015 be unsealed.   A proposed order is attached.

        Respectfully submitted,

        Rod J. Rosenstein
        United States Attorney


        _/s/_____
        Joyce K. McDonald
        David I. Sharfstein
        Assistant United States Attorneys

-4-

## Certificate of Service

      I certify that this Motion to Unseal was served on opposing counsel through the electronic filing system.

                                              __/s/_____
                                              Joyce K. McDonald
                                              Assistant United States Attorney